**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0670
(301) 344-3910 FAX

October 2, 2019

**LETTER ORDER**

RE: *AAP v. FDA*
   PWG-18-883

Previously, trade associations from the vapor industry[1] and other third parties sought leave "to intervene in this case for the purpose of addressing the appropriate remedy in light of the Court's May 15, 2019 Order," *e.g.*, ITG Brands Ltr. 1, ECF No. 76; *see also* ECF Nos. 77, 79, 80, 81, and I denied the requests because they were untimely and the proposed intervenors did not "mount a strong showing" that the Government could not adequately represent their interests or show that the protection of their interests would be impaired without intervention. May 31, 2019 Ltr. Order, ECF No. 84 (quoting *Stuart v. Huff*, 706 F.3d 345, 352 (4th Cir. 2013)).  I then issued a Memorandum Opinion and Order regarding the remedy in this case ("Remedy Order"), providing for a ten-month implementation period, which the Government had proposed. ECF No. 127. Believing that the Remedy Order was not in their best interest, the Vapor Associations appealed the order denying them leave to intervene.  ECF No. 128. That appeal is pending before the Fourth Circuit.

Now pending in this Court are letter motions that the Vapor Associations, as well as the Cigar Association of America, the Premium Cigar Association (formerly International Premium Cigar and Pipe Retailers Association), and Cigar Rights of America (the "Cigar Associations") have filed, seeking leave to intervene in this case for purposes of appealing the May 15, 2019 Memorandum Opinion and Order, ECF Nos. 73 & 74, and the Remedy Order, and asking to stay the Remedy Order, ECF No. 127, pending resolution of the proposed appeals. Vapor Ass'ns Mot. to Intervene, ECF No. 130; Vapor Ass'ns Mot. to Stay, ECF No. 139; Cigar Ass'ns Mot to Intervene, ECF No. 135; Cigar Ass'ns Mot. to Stay, ECF No. 140.[2]  The circumstances have

---

[1] The vapor industry trade associations ("Vapor Associations") are American E-Liquid Manufacturing Standards Association; American Vaping Association; Arizona Smoke-Free Business Alliance; Indiana Smoke-Free Association; Iowans for Alternative to Smoking and Tobacco; Kentucky Smoke-Free Association; Maryland Vapor Alliance; New York State Vapor Association; Ohio Vapor Trade Association; Right to be Smoke-Free Coalition; Smoke-Free Alternatives Trade Association (SFATA); SFATA-California; SFATA-Connecticut; SFATA-Hawaii; SFATA-Louisiana; SFATA-Rhode Island; SFATA-Texas; SFATA-Wisconsin; Tennessee Smoke-Free Association; and Texas Vapor Coalition.

[2] The parties opposed the Vapor Associations' Motion to Intervene, ECF Nos. 141, 142; the Vapor Associations' Motion to Stay, ECF Nos. 144, 145; the Cigar Associations' Motion to Intervene, ECF Nos. 142, 148; and the Cigar Associations' Motion to Stay, ECF Nos. 147, 148.  The Vapor

changed for the Vapor Associations, given that the Remedy Order imposed an earlier deadline for the manufacturers to submit pre-market tobacco applications ("PMTAs"); the Vapor Associations have no other opportunity to provide their views on the deadline imposed in the Remedy Order; and the Government's objectives appear to have diverged from the interests of the Vapor Associations that seek to intervene. *See Stuart*, 706 F.3d at 350. Accordingly, I will grant the Vapor Associations' Motion to Intervene exclusively for the limited purpose of filing an appeal of the May 15, 2019 Memorandum Opinion and Order and the Remedy Order and for no other purpose. The Cigar Associations have not submitted a timely motion, nor shown an interest in the subject matter of this litigation that would be impaired by this action, however, and therefore I will deny their Motion to Intervene. Accordingly, I will deny the Cigar Associations' Motion to Stay as moot. I also will deny the Vapor Associations' Motion to Stay because, as noted, the Remedy Order does not impose immediate deadlines, and the Vapor Associations have not shown that "a pressing need exists." *See Osei v. Univ. of Maryland Univ. Coll.*, No. DKC 15-2502, 2019 WL 2076105, at *2 (D. Md. May 10, 2019). The Vapor Associations may, of course, seek a stay from the Fourth Circuit.

### Vapor Associations' Motion to Intervene

I previously observed that intervention as of right by a third party is appropriate pursuant to Rule 24(a) when the third party submits a timely motion to intervene and "can demonstrate '(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicants' interest is not adequately represented by existing parties to the litigation.'" *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013) (quoting *Teague v. Bakker*, 931 F.2d 259, 260–61 (4th Cir. 1991)); *see* Fed. R. Civ. P. 24(a)(2); *CX Reinsurance Co. Ltd. v. B&R Mgmt.*, No. ELH-15-3364, 2017 WL 371800, at *3 (D. Md. Jan. 26, 2017 ("[T]imeliness is a 'cardinal consideration' of whether to permit intervention . . . ." (quoting *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999))).

Defendants argue that the Vapor Associations' and Cigar Associations' attempts to intervene are not timely "because they have known of the divergence of their interests from the FDA's since at least September 2018." Defs.' Opp'n to Vapor Ass'ns Mot. 1; Defs.' Opp'n to Cigar Ass'ns Mot. 1. Plaintiffs agree. Pls.' Opp'n 1 (noting Vapor Associations' only support for its position, *Smoke v. Norton*, 252 F.3d 468, 471 (D.C. Cir. 2001), "did not set an ironclad rule that post-judgment motions to intervene were timely"); *id.* at 2–4 (noting Cigar Associations' repeated failure to raise arguments previously in this case). Indeed, in denying the Vapor Associations' earlier attempt to intervene, I noted that their efforts were "anything but timely." May 31, 2019 Ltr. Order 2.

This Court certainly has the discretion to deny a motion to intervene as untimely. *See Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 974 F.2d 450, 478 (4th Cir. 1992); *Gould v. Alleco, Inc.,* 883 F.2d 281, 286 (4th Cir. 1989). In exercising its discretion, the Court considers

---

Associations have filed replies, ECF Nos. 146, 149, and the Cigar Associations filed a reply in support of both of their motions, ECF No. 152. Additionally, Plaintiffs filed a request to file a surreply regarding the Vapor Associations' request to stay, ECF No. 151, and the Vapor Associations filed a reply to the surreply, ECF No. 153. A hearing is not necessary. *See* Loc. R. 105.6.

"how far the suit has progressed, the prejudice which delay might cause other parties, and the reason for the tardiness in moving to intervene." *Id.* (citing *Gould,* 883 F.2d at 286).

Defendants argue that the FDA "is working to finalize a new policy in the coming weeks that would include prioritizing the agency's enforcement of the premarket authorization provision against non-tobacco-flavored e-cigarettes," such that "a successful challenge to the [Remedy] order … is unlikely to give the proposed intervenors the relief they seek," and therefore "the prejudice 'threatened by intervention' outweighs 'the advantages promised by it.'" Defs.' Opp'n 2-3 (quoting May 31, 2019 Ltr. Order 3 (quoting *Ohio Valley Envtl. Coal., Inc. v. McCarthy*, 313 F.R.D. 10, 20 (S.D. W. Va. 2015))). Certainly, litigation in this Court has concluded with the issuance of a final judgment, *see* May 15, 2019 Order; Remedy Order, and the FDA asserts that it will be enforcing the regulations in an expedited fashion. Nonetheless, the Vapor Associations' delay is justified and cannot cause prejudice with respect to the action in this Court because it has concluded, and all that remains is the resolution of any appeal of the final orders that have been issued.

Notably, in my earlier order denying leave to intervene, I observed that, "until a remedy is proposed and ordered by the Court, Applicants cannot show that their rights will be impaired." May 31, 2019 Ltr. Order 2. Accordingly, under the circumstances of this case, although the Vapor Associations were on notice months earlier that the FDA, if unable to secure a dismissal, could fail to represent the Vapor Associations' interests adequately, the Vapor Associations could not, practically speaking, successfully intervene until the harm to their interests was apparent. *See id.* Thus, the parties were not prejudiced by the Vapor Associations' failure to seek intervention earlier than it did, as the motion would not have been granted before the Remedy Order issued; indeed, I denied their earlier motion. Therefore, I will not deny the Motion to Intervene based on timeliness. *See Columbus-Am. Discovery Grp.*, 974 F.2d at 478; *Gould,* 883 F.2d at 286. *See generally Outdoor Amusement Bus. Ass'n. v. Dep't of Homeland Sec.*, No. ELH-16-1015, 2017 WL 2778820, at \*9 (D. Md. June 26, 2017) (concluding that, "under the particular facts and circumstances of th[e] case, the filing of the Motion some ten months after the suit was initiated is not a basis to deny the Motion," even though the proposed intervenors had "change[d] [their] strategy, from one of 'deliberate forbearance' to a more proactive course of conduct," because "the case [was] still in its early stages" and there was no prejudice to the parties").

Defendants also challenge the adequacy of the Vapor Associations' interest in the subject matter of this case. Defs.' Opp'n 2. While "Rule 24 does not specify what type of interest a party must have to intervene as a matter of right, . . . the Supreme Court has recognized that '[w]hat is obviously meant . . . is a significantly protectable interest.'" *JLS, Inc. v. Pub. Serv. Comm'n of W. Va.*, 321 F. App'x 286, 289–90 (4th Cir. 2009) (quoting *Teague v. Bakker,* 931 F.2d 259, 261 (4th Cir. 1991) (quoting *Donaldson v. United States,* 400 U.S. 517, 531 (1971), *superseded on other grounds by* 26 U.S.C. § 7609)). The Vapor Associations assert that "[t]heir businesses and the products they sell to adult consumers are the very subject of the Plaintiffs' lawsuit" and therefore the filing deadlines set in the Remedy Order and the FDA's PMTA requirements apply to them. Vapor Ass'ns Mot. 2. Defendants insist that this is not "a significantly protectable interest." Defs.' Opp'n 2 (quoting *Donaldson*, 400 U.S. at 542). They argue:

> They have no substantive right to avoid the Tobacco Control Act's premarket review provision, 21 U.S.C. § 387j(a)(2), which by virtue of the deeming rule has applied to them since August 2016. And nothing in the challenged August 2017 compliance policy conferred any entitlement to deferred enforcement of that

provision. . . . Thus, although the proposed intervenors may now claim a practical interest in deferred enforcement of the premarket review provision, that interest is not a legally protectable one.

*Id.*

In *JLS*, the plaintiff, a motor passenger carrier, sought a declaration that it was subject only to federal regulation and not state regulation when it transported railroad employees "to and from different points along railroad lines," even if the transportation did not cross state lines. 321 F. App'x at 287. The proposed intervenors were subject to the state regulations that JLS sought to avoid, and they "derive[d] substantial revenue from transporting railroad crews under their [state] authority." *Id.* at 289–90. The *JLS* Court concluded that they had a protectable interest because the outcome of the case—i.e., whether JLS was subject to state regulation—"w[ould] determine the level of competition that Movants will have, and hence, the amount of income they can expect to earn." *Id.*

In reaching its conclusion in *JLS*, the Fourth Circuit discussed its previous decision in *Feller v. Brock,* 802 F.2d 722 (4th Cir. 1986), in which individual, domestic apple pickers sought to intervene in litigation that apple growers brought against the Department of Labor regarding "the growers' rights to be issued temporary foreign worker certifications." 321 F. App'x at 289–90. The *Feller* Court held that the proposed intervenors "had an interest in the suit sufficient to support intervention as a matter of right" because the lawsuit's effects on the availability of foreign workers in turn would impact the domestic workers' wages. *Id.* at 290 (citing *Feller,* 802 F.2d at 730).

More recently, the Supreme Court held that "an intervenor of right must have Article III standing in order to pursue relief that is different from that which is sought by a party with standing." *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017). As I have discussed previously, a plaintiff (or proposed intervenor) has standing if

(1) [it] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Am. Acad. of Pediatrics v. Food & Drug Admin.*, 379 F. Supp. 3d 461, 474 (D. Md. 2019) (quoting *Zaycer v. Sturm Foods, Inc.*, 896 F. Supp. 2d 399, 408 (D. Md. 2012)).

Here, the businesses represented by the Vapor Associations manufacture and sell the e-cigarette products at issue in this case. Therefore, they are subject to the FDA's PMTA requirements and they will be directly affected by the filing deadlines, which could impact sales that otherwise would be possible without the Remedy Order's accelerated deadline, if the businesses and manufacturers are not able to meet the deadline and obtain approval for their sales. *See* Vapor Ass'ns Mot. 2. While the Defendants are correct that the Vapor Associations have known for a considerably long time about their obligation to comply with the FDA's PMTA requirements, yet chose not to reach out to the FDA to begin the process of compliance, their "head in the sand" indifference to their obligations now may result in their inability to manufacture, advertise, and sell products, which, although the product of their own deliberate inaction, is an actual, concrete and particularized injury that will result from the FDA's deadlines, unless they succeed in their appeal to the Fourth Circuit in obtaining an extension of those deadlines. Thus, I

am persuaded that the Vapor Associations have shown that they have standing and a protectable interest that justifies their intervention for the limited purpose of appealing my final rulings, as the Remedy Order affects the FDA regulations that control the businesses' activities and ability to profit in the vapor industry. *See Feller,* 802 F.2d at 730; *JLS*, 321 F. App'x at 289–90; *Am. Acad. of Pediatrics*, 379 F. Supp. 3d at 474; *Zaycer*, 896 F. Supp. 2d at 408.

Further, they claim that the accelerated deadlines in the Remedy Order would be devastating to their industry, and the Government is moving toward enforcement rather than protecting their interests. *See* Vapor Ass'ns Mot. to Intervene 2; Remedy Order 12 ("[T]he FDA shall require that, for new tobacco products on the market as of the August 8, 2016 effective date of the Deeming Rule . . . , applications for marketing orders must be filed within 10 months of the date of this Memorandum Opinion and Order [July 11, 2019]."). The parties do not challenge whether "the protection of this interest would be impaired because of the action" or whether the parties adequately represent the Vapor Associations' interest. *See Stuart*, 706 F.3d at 349. Thus, the Vapor Associations have demonstrated that they should be permitted to intervene as of right. *See id.*; Fed. R. Civ. P. 24(a)(2). Their Motion to Intervene is granted exclusively for the limited purpose of filing an appeal of the May 15, 2019 Memorandum Opinion and Order and the Remedy Order and for no other purpose.

### Vapor Associations' Motion to Stay

The Court "possesses broad discretion to stay proceedings as part of its power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Osei v. Univ. of Maryland Univ. Coll.*, No. DKC 15-2502, 2019 WL 2076105, at *2 (D. Md. May 10, 2019) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). To obtain a stay, the Vapor Associations must show "that a pressing need exists, and 'that that need outweighs any possible harm to the interests of the non-moving party.'" *Id.* (quoting *Mike's Train House, Inc. v. Broadway Ltd. Imports, LLC*, No. JKB-09-2657, 2011 WL 836673, at *1 (D. Md. Mar. 3, 2011); citing *Landis*, 299 U.S. at 255). Here, there simply is no pressing need. The Remedy Order does not impose an immediate deadline; rather, the deadline for submissions that the Vapor Associations seek to challenge is ten months from the issuance of the July 11, 2019 Remedy Order. Therefore, the Vapor Associations' Motion to Stay is denied. *See Osei*, 2019 WL 2076105, at *2. They may, of course, seek a stay from the Fourth Circuit.

### Cigar Associations' Motions to Intervene and to Stay

The Cigar Associations seek to intervene because this case "potentially could disrupt the long-settled course of proceedings" in *Cigar Association of America v. FDA*, No. 16-1460, before Judge Mehta in the United States District Court for the District Court for the District of Columbia, an ongoing case in which they filed a challenge to the Deeming Rule in 2016. Cigar Ass'ns Mot. 1. According to the Cigar Associations, they recently were granted leave in that case "to amend their complaint and to seek a declaratory judgment that the deadline for substantial equivalence applications for cigars and pipe tobacco set forth in the August 2017 Guidance remains valid for those particular products or, in the alternative, for the Cigar Associations and their members." *Id*. at 2. They also insist that "[t]he extension of the substantial equivalence deadline to 2021 for cigars and pipe tobacco was the product of negotiations with the Department of Justice and the agency, at the encouragement of the Court in Washington, to resolve (at least temporarily) certain aspects of the *Cigar Association* matter." *Id*. As for their interest in this litigation, they assert:

> The Cigar Associations and their members have relied on the deadline relief in the Guidance in managing the litigation in the *Cigar Association* case and agreeing to defer their challenges to the Deeming Rule's substantial equivalence regime The Cigar Associations further have relied on the FDA's assertions that they would have the necessary "rules of the road" before being required to prepare any substantial equivalence reports.

*Id*.

Plaintiffs argue that the Cigar Associations' motion is untimely and that their "interest will not be 'impaired' if they are denied intervention," because they never raised this issue in this case, and therefore they cannot raise it on appeal. Pls.' Opp'n 2, 4. Defendants raise the same challenges that they asserted regarding the Vapor Associations' proposed intervention: timeliness, adequacy of interest, and prejudice. Defs.' Opp'n 1. They also contend that the grounds on which the Cigar Associations rely are "incorrect." *Id.*

It is true that the Cigar Associations' motion is untimely. The litigation in the District of Columbia preceded this case and they could have sought to intervene months earlier. And, unlike the Vapor Associations that could not previously show harm to their interests, the Cigar Associations have been aware for months that this litigation challenged the deadlines that they believed they had negotiated to extend. Yet they chose not to seek leave to intervene previously, waiting instead to see if the case would survive Defendants' motion to dismiss and, when it did, to see what the remedy would be. "Such deliberate forbearance understandably engenders little sympathy." *Alt v. U.S. E.P.A.*, 758 F.3d 588, 591–92 (4th Cir. 2014) (noting that proposed intervenor "candidly acknowledge[d] that it had closely monitored the proceedings in Alt's lawsuit and made a strategic decision not to devote its 'limited resources' to the matter at an earlier stage, believing the court would grant the EPA's motion to dismiss," and therefore it was not an abuse of discretion to deny the untimely motion to intervene).

The Cigar Associations have not provided any justification for their delay in raising their issues in this litigation. Further, a final judgment has been entered in this case, and the parties did not have the opportunity to address these issues in this Court previously. These factors weigh heavily in favor of exercising this Court's discretion to deny the Cigar Associations' Motion to Intervene, treated as either a motion for intervention as of right or permissive intervention. *See Columbus-Am. Discovery Grp.*, 974 F.2d at 478; *Gould,* 883 F.2d at 286; Fed. R. Civ. P. 24(b)(3) (providing that Fed. R. Civ. P. 24(b)(1), pertaining to permissive intervention, requires the court, in the course of its analysis, to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights"); *see also Md. Restorative Justice Initiative v. Hogan*, 316 F.R.D. 106, 112 (D. Md. 2016) ("The decision to grant or deny permissive intervention 'lies within the sound discretion of the trial court.'" (quoting *Smith v. Pennington*, 352 F.3d 884, 892 (4th Cir. 2003)).

Moreover, "issues raised for the first time on appeal generally will not be considered." *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 356 (4th Cir. 2018), *as amended* (Mar. 28, 2018) (quoting *Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993)). Consequently, the Cigar Associations' Motion to Intervene comes too late. *See id.* And, the delay that litigating new issues theoretically would cause after the issuance of a final judgment is not outweighed by the Cigar Associations' potential success on appeal if permitted to intervene for the limited purpose of prosecuting an appeal, given that the Fourth Circuit does not hear new issues on appeal. *See*

6

*id.*; Fed. R. Civ. P. 24(b)(3). Their motion is denied.  Because their Motion to Intervene is denied, their Motion to Stay pending their appeal is denied as moot.

In sum, the Vapor Associations' Motion to Intervene, ECF No. 130, is granted.  They may intervene exclusively for the limited purpose of filing an appeal of the May 15, 2019 Memorandum Opinion and Order and the Remedy Order and for no other purpose.  The Vapor Associations' Motion to Stay, ECF No. 139, and the Cigar Associations' Motion to Intervene, ECF No. 135, and Motion to Stay, ECF No. 140, are denied.

Although informal, this is an Order of Court and will be docketed accordingly.

Sincerely,

_____/S/_____
Paul W. Grimm
United States District Judge

lyb

7